UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Stephen Barnette

    v.                                      Civil No. 09-cv-445-JL

Hillsborough County Department
of Corrections, Medical Department

**REPORT AND RECOMMENDATION**

Stephen S. Barnette has filed a complaint (document no. 1) pursuant to 42 U.S.C. § 1983 alleging that defendant Hillsborough County Department of Corrections Medical Department has violated his constitutional rights.[1] The matter is before me for preliminary review to determine whether or not the complaint contains any claims upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the Magistrate Judge to conduct preliminary review of cases filed by pro se prisoners).

---

[1] Although not listed on the complaint as a defendant, Barnette has attributed the alleged wrongdoing to an individual he describes as "Nurse Tammy." I therefore construe Barnette's complaint as including claims against a nurse at the Hillsborough County House of Corrections ("HCHOC") named "Tammy" but whose last name is unknown. Hereinafter, I will refer to her as "Nurse Tammy."

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

In November 2009, Barnette was being held in the HCHOC as a pretrial detainee. On November 3, 2009, Barnette was housed in the maximum security unit with another inmate. At approximately 8:00 a.m. on November 3, Nurse Tammy and a correctional officer ("CO") named Barbara appeared at Barnette's cell to give him his prescribed medication, Celexa. Barnette is prescribed only one Celexa pill per day. Nurse Tammy placed "a bunch" of Celexa pills in Barnette's hand. Barnette explained to Nurse Tammy that he was prescribed only one Celexa pill per day. In response, Nurse Tammy said, "No . . . this is how much it says for you to

take." Barnette took all of the medication Nurse Tammy gave him. Shortly thereafter, Barnette started "feeling sick, lightheaded, [and] very antsie" and began throwing up, feeling "hyper" and then "extremely tired." Barnette asked CO Barbara to get Nurse Tammy. Nurse Tammy returned to Barnette's cell and admitted that she had given him the wrong dosage. Nurse Tammy did not allow Barnette to be seen by a doctor, but she returned to his cell throughout the day to check on Barnette's "vitals."

## Discussion[2]

Because Barnette was a pretrial detainee at the time of the alleged § 1983 violation, his inadequate medical care claim must be analyzed under the Fourteenth Amendment. See Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention). The Fourteenth Amendment standard for evaluating a pretrial detainee's claim of inadequate medical care is practically the same as, and at least as protective as, the Eighth Amendment standard. See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002); see also Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007). Inmates are

---

[2] The claims, identified herein, are considered to be the claims raised in the complaint for all purposes. If Barnette objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

protected from intentional delays or denials of access to medical care that manifest a prison official's deliberate indifference to the inmate's serious medical needs.  See Estelle, 429 U.S. at 104-05.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Helling v. McKinney, 509 U.S. 25, 33 (1993); see Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999).  The Supreme Court has adopted a two-part test for reviewing claims under the Eighth Amendment's cruel and unusual punishment clause.  See Farmer v. Brennan, 511 U.S 825, 834 (1994); Helling, 509 U.S. at 25; Hudson v. McMillian, 503 U.S. 1, 7 (1992).  To assert a viable cause of action for inadequate medical care, a prisoner must first state facts sufficient to allege that he has not been provided with adequate care for a serious medical need.  See Farmer, 511 U.S. at 834; Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle, 429 U.S. at 106.

"[A]dequate medical care" is treatment by qualified medical personnel who provide services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular medical needs, and that are based on medical considerations.  See United States v. DeCologero, 821 F.2d 39, 42-43 (1st Cir. 1987).  This does not

mean that an inmate is entitled to the care of his or her choice, only that the care must meet minimal standards of adequacy. See Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006) ("When a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation.") (internal citations omitted).  A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); Kosilek v. Maloney, 221 F. Supp. 2d. 156, 180 (D. Mass. 2002) (citing Farmer, 511 U.S. at 835-47); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention") (internal citations omitted).

To satisfy the second prong of an Eighth Amendment claim, a prisoner must allege that prison officials "have a 'sufficiently culpable state of mind.'  In prison conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."  Farmer, 511 U.S. at 834 (internal citations omitted).

Deliberate indifference may be found where the medical care provided is "so clearly inadequate as to amount to a refusal to provide essential care." Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991). Constraints inherent in a prison setting may affect the choice of care provided and may be relevant to whether or not prison officials provided inadequate care with a deliberately indifferent mental state. Wilson v. Seiter, 501 U.S. 294, 302 (1991).

Barnette alleges that on November 3, 2009, Nurse Tammy overmedicated him, causing him to suffer negative side-effects such as throwing up, feeling "hyper," and then feeling "extremely tired." Nurse Tammy admitted that she had given him the wrong dosage and, while she did not accede to Barnette's request to see a doctor, Nurse Tammy herself visited Barnette throughout the day to check on him.

Even construing Barnette's claim generously in his favor, Barnette has failed to allege facts sufficient to state a claim upon which relief could be granted. Whether or not Barnette has adequately alleged that the overmedication presented a serious medical need, Barnette has failed to allege any facts that would support a finding that Nurse Tammy acted with the requisite culpable state of mind. Barnette's allegation that Nurse Tammy overmedicated him states, at most, a claim of mere negligence,

which is not cognizable as a constitutional claim under § 1983. Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514-15 (1st Cir. 2006) (claim of overmedication, without more, constitutes "mere negligence," which is not cognizable under Eighth Amendment). Accord Jackson v. Alameda County Sheriff's Dep't, 2002 WL 356647 at *1-2 (N.D. Cal. Mar. 1, 2002); Gibbs v. San Francisco Sheriff's Dep't, 1999 WL 809859 at *1-2 (N.D. Cal. May 18, 1999).

Further, Barnette describes Nurse Tammy as returning to his cell, acknowledging the error, and then returning throughout the day to check his vital signs. These allegations belie any claim of "deliberate indifference."

Barnette's claim that Nurse Tammy refused to allow him to see a doctor on the date of the incident states no more than a disagreement with her medical judgment. Such a dispute with her judgment may "present a colorable claim of negligence, but it falls short of alleging a constitutional violation." Feeney, 464 F.3d at 162 (internal citations omitted).

In sum, I find that Barnette's allegations against the defendants, the Hillsborough County House of Corrections Medical Department and Nurse Tammy, are insufficient to allege a constitutional violation of inadequate medical care under the Fourteenth Amendment. Accordingly, I recommend dismissal of Barnette's federal claim.

To the extent that Barnette has asserted state law claims of negligence against the defendants, I recommend that supplemental jurisdiction be declined and that any such claims be dismissed without prejudice.  See Acosta, 445 F.3d at 514-15 (affirming district court's decision to decline to exercise supplemental jurisdiction over state law claim of negligence once all federal claims were dismissed).

## Conclusion

For the foregoing reasons, I recommend dismissal of the complaint (doc. no. 1).  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  July 12, 2010

cc:  Stephen Barnette, pro se